UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARGILL FERROUS INTERNATIONAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1330** |
| **M/V JIA QIANG, ET AL** | **SECTION "B"(3)** |

ORDER AND REASONS

Before the Court is Third-Party Defendants' Tactwell Shipping, Inc. ("Tactwell") and COSCO (H.K.) Shipping Co., Ltd. ("COSCO") Motion for Summary Judgment, seeking to dismiss the Rule 14(c) tender as time-barred under the Carriage of Goods By Sea Act ("COGSA"), and to stay or dismiss the Third-Party Complaint brought by STX Pan Ocean Co., Ltd ("STX") on the basis that judgment at this stage is improper where the parties have not exhausted the remedies provided in their respective arbitration agreements, as provided in the Federal Arbitration Act. STX and Pacorini USA, Inc. ("Pacorini") filed memoranda in opposition to said motion. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the summary judgment motion be **GRANTED IN PART** and **DENIED IN PART**.

1

## BACKGROUND

The instant motion arises out of a maritime carriage of goods action alleging physical and rust damage to a shipment of steel coils loaded aboard the M/V JIA QIANG at Kaushiung, Taiwan on or about February 4, 2006, which was eventually discharged and delivered in New Orleans in March of 2006[1]. (Rec. Doc. Nos. 63, 2; 68, 2). The shipment occurred under a voyage charter party agreement between Plaintiff Cargill Ferrous International ("Cargill"), and STX. (Rec. Doc. No. 68, 2). The M/V JIA QIANG operated under a New York Produce Exchange time charter entered between Tactwell and STX. (Rec. Doc. No. 68, 3). The time charter listed Tactwell as the owner of the vessel. *Id.* "At all pertinent times, [COSCO] was the ship manager of [the vessel] pursuant to a Management Agreement..." (Rec. Doc. No. 63,9). Pacorini was responsible for the discharge and handling of the coils in New Orleans. (Rec. Doc. No. 68, 3).

On March 19 2007, Cargill brought the underlying Complaint against the M/V JIA QIANG *in rem,* and Tactwell, COSCO, STX and Pacorini *in personam.* (Rec. Doc. Nos. 69,2; 63,2). Cargill failed to effect service of process on Tactwell and COSCO; and as a

---

[1] Defendant Third-Party Plaintiff alleges "Discharge of the coils in New Orleans began on March 20, 2006 and was completed on April 6, 2006." Rec. Doc. No. 68. Third-Party Defendants Tactwell and COSCO allege that the cargo "was discharged and delivered at New Orleans on or about March 19, 2006." Rec. Doc. No. 63 at 2.

2

result, they were subsequently dismissed without prejudice. *Id*. On January 16, 2008, STX brought a third-party complaint against Tactwell and COSCO for indemnity, recovery over and/or contribution. (Rec. Doc. No. 63 at 2). STX additionally sought to tender Tactwell and COSCO as direct defendants pursuant to Rule 14(c) of the Federal Rules of Civil Procedure. *Id*. STX also filed a cross-claim against Pacorini for contribution and indemnity. (Rec. Doc. No. 69,2). Pacorini then brought its own Third-Party Complaint against Tactwell and COSCO for contribution and indemnity. *Id.* at 1, 2-3.

Tactwell and COSCO first argue that STX's Rule 14(c) tender of Tactwell and COSCO as direct defendants must be dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure because the underlying action is brought pursuant to COGSA, which states in pertinent part: "[i]n any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered..." 46 U.S.C. § 1303 (6), (Rec. Doc. No. 63,5). Tactwell and COSCO claim that the Rule 14(c) tender was brought eighteen months after delivery and thus, impleader is improper. (Rec. Doc. No. 63,7).

Tactwell and COSCO next argue that the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1-16) and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("CREFAA"), enforced

3

pursuant to 9 U.S.C. § 201,[2] both ensure that "[t]he governing charter party mandates arbitration of [STX]'s third-party claims in London... [and therefore] this Court is required to stay or dismiss [those] third-party claims pending arbitration." *Id*.

STX asserts that Tactwell and COSCO must be considered as separate entities and that COSCO as "vessel manager" was not a "carrier" within the meaning of COGSA such that the statutory time bar might apply. (Rec. Doc. No. 68,1). Next, STX argues that COSCO bears independent tort liability not rooted in COGSA for which no statute of limitations has passed. *Id.* at 2. Finally, STX claims that as a matter of public policy, this Court must not defer judgment on this matter pending arbitration unless it is prepared to do so for the entire case since other arbitration agreements are pending. STX argues that failing to dispose of the entire matter in one forum risks precipitating dual and potentially disparate findings of both fact and law. *Id*.

Defendant Pacorini has filed a "Response to Tactwell and COSCOS' [sic] Motion...,""to point out that it has its own independent claims for contribution and indemnity pending against Cosco and Tactwell..." and any ruling on the instant motion should not extend so far as to dismiss these parties entirely from the litigation. (Rec. Doc. No. 69, 1-2).

---

[2] "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter." 9 U.S.C. § 201.

4

## *DISCUSSION*

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

## B. **STX'S 14(C) TENDER**

Tactwell and COSCO claim that "[b]ecause Pan Ocean's Rule 14(c) tender is treated as though Cargill had sued [Tactwell] and [COSCO] directly, [they] are entitled to assert all defenses available to them as against Cargill's claims." (Rec. Doc. No. 63,5).

### 1. COSCO

As it pertains to COSCO, STX counters the above argument and insists that since COSCO was not a party to the charter of the M/V JIA QIANG, it is not a "carrier" under COGSA. Therefore, it cannot avail itself of COGSA'S statute of limitations defense (Rec. Doc. No. 68,4).

On the other hand, Third-Party Defendants claim that COSCO falls under the definition of a "carrier," and to bolster the time-bar theory posited by both, they cite *Mitsui & Co. (USA), Inc. V. M/V CROWN ROSE*, 1996 WL 732842, *1 (E.D. La. 1996). In that case, this Court ruled that "[n]either plaintiff nor third-party plaintiff have submitted any opposition to [agent] Nitta's and [owner] Dream Shipping's motion for summary judgment and the court agrees that the COGSA time bar applies." *Id.* at *1. Few facts and no further analysis are presented; it is therefore difficult to glean any particular guidance for further analysis.

The Fifth Circuit has addressed the issue of agency of vessel

managers under COGSA with regard to a statutory limitation on liability in *Steel Coils, Inc. v. M/V LAKE MARION*, 331 F. 3d 422, 436 (5th Cir. 2003). In that case, third-party defendant Bay Ocean was the vessel manager, but was not explicitly named in the voyage charter for carriage of steel coils. However, Bay Ocean was named to the time charter covering the period at issue, and provided master and crew for the vessel. *Id*. at 425. The lower court ruled that upon a finding of fault Bay Ocean was liable under general maritime law and not subject to damage limitations provided by COGSA. *Id.* at 435. Bay Ocean appealed, claiming in part that as party to the time charter, it should be considered a "carrier" and thus a COGSA-mandated $500 per package limitation on damages should apply. *Id.* The Fifth Circuit disagreed, finding that Bay Ocean was merely a party to the time charter as a signing agent, but that it did not bind them in any way. *Id.* The court relied on *Robert C. Herd & Co. v. Krawill Machinery Corp.,* 359 U.S. 297 (1959), in which a stevedore was not deemed a "carrier" under COGSA after dropping a piece of cargo during loading. *Id*. Accordingly, the *M/V LAKE MARION* court adopted the language of *Robert C. Herd*, holding:

> "[t]he Act is clearly phrased. It defines the term "carrier" to include "the owner or the charterer who enters into a contract of carriage with the shipper." It imposes particularized duties and obligations upon, and grants stated immunities to, the "carrier." ...It makes no reference whatever to stevedores or agents."

7

*Id.* (discussing *Robert C. Herd, 359* U.S. 297 at 301). Bay Ocean was therefore found not shielded from full liability under general maritime actions.

In a separate action involving the same plaintiff and substantially similar facts, this Court held in *Steel Coils, Inc. v. Captain Nicholas I M/V* that "[t]he law is clear that a vessel manager may be found liable for cargo damage under either contract or tort theories regardless of whether there is a contract with the vessel owner governing the carriage of those goods." 197 F. Supp 2d 560, 567 (E.D. La. 2002)(providing no limitation of damages for vessel manager on the theory that an agency relationship was not implicated under COGSA). These two cases delineate the outer parameters defining the term "carrier."

COGSA states that "[t]he term 'carrier' **includes** the owner or the charterer who enters into a contract of carriage with a shipper." 43 U.S.C. § 1301(a) (emphasis added). The definition of a "contract of carriage" encompasses both charter agreements (such as the instant voyage charter to which COSCO was not a party), and also bills of lading "or any similar document." 43 U.S.C. § 1301(b).

Considering the above jurisprudence, this Court must deny the motion for summary judgment with respect to STX's 14(c) tender of COSCO because COSCO is not a "carrier," and therefore, may not apply the statute of limitations defense under COGSA. COSCO

8

acknowledges that it was not a party to the voyage charter, which is the contract of carriage in the instant case. In *Steel Coils*, the Fifth Circuit found the vessel manager merely to be a "signing agent of the owner, as evidenced by the signature line," which proved that the vessel manager signed the time charter for the owner as "agents only." *Steel Coils*, 331 F.3d at 436. Finding that this did not bind the vessel manager in anyway, the court clarified that the vessel manager was only an agent of the carrier and not a carrier itself. *Id.* Likewise, COSCO signed the time charter as "agents of owner," and did not bind itself in any way. Hence, COSCO cannot be considered a carrier and may not avail itself of the statute of limitations argument. Therefore, STX's tender of COSCO may not be dismissed based on the one-year statute of limitations under COGSA.

### 2. TACTWELL

COGSA provides a statute of limitations in certain instances, stating that "[i]n any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered..." 46 U.S.C.A. § 30701 (6). Third-Party Defendants rely on *Mitsui & Co.,* 1996 WL 732842 (E.D. La. 1996), discussed *supra*, and also *Cargill Ferrous Intern. v. M/V EMMA OLDENDORFF,* to assert that STX's Rule 14(c)

9

tender of Tactwell is time-barred.

In *Cargill Ferrous*, vessel owner Oldendorff sought to implead time charterer Metall through a third-party complaint twenty-three months after discharge of cargo (and eleven months after Cargill filed their complaint, one day within the one-year statute of limitations), 2001 WL 179924 (E.D. La. 2001). The court there centered its determination on when the cause accrued for the plaintiff; and held that the untimely claim did not "relate back" to defendant's tender. This holding was clarified in *Galapagos Corporacion Turistica "Galatours", S.A. v. Panama Canal Com'n*, 171 F.Supp. 2d 638, 641 (E.D. La. 2001), "The court framed the issue in terms of whether the plaintiff could have brought suit against Metall after the one-year statute of limitations had expired." 2d 638 at 641 (discussing *M/V EMMA OLDENDORFF*).

STX argues that *M/V EMMA OLDENDORFF* was wrongly decided, in that "[t]he carrier's right of tender is left to the <u>whim</u> of the cargo plaintiff because the 'carrier' cannot tender the vessel owner until the 'carrier' itself is sued," essentially creating a burden on the defendant to preemptively sue for declaratory judgment in the interest of preserving the right to tender. (Rec. Doc. No. 68,9). While this point is worthy of notice, there is no legal basis upon which to disagree with the *OLENDORFF* ruling. STX's 14(c) tender of Tactwell did not occur within the one-year statute of limitations as contemplated under COGSA. Viewed in the

light most favorable to the nonmoving party, STX has offered no evidence on this point sufficient to defeat a claim of summary judgment. Therefore, summary judgment must be granted with respect to the issue of STX's 14(c)tender of Tactwell and said tender must be dismissed.

### C. THIRD-PARTY COMPLAINT

Tactwell and COSCO further argue that the third-party complaint must be stayed or dismissed pending arbitration pursuant to the FAA § 2 (9 U.S.C. § 2) and the CREFAA as enforced pursuant to 9 U.S.C. § 2-1 *et seq.* FAA § 2 states,

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "[T]he question of arbitrability is to be decided by the court on the basis of the contract entered into by the parties." *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th Cir.1984) (citing 9 U.S.C. § 3). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Sedco, Inc. v. Petroleos Mexicanos Mexican*

*Nat. Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

The relevant contractual language is found in the Second Original Time Charter between Tactwell Shipping as owners of the M/V JIA QIANG and STX as charters (Rec. Doc. No. 63 at 7 - 39). Rider Clause 74 to the Charter reads in relevant part,

> "This Contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this Contract shall be referred to arbitration [in] London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to the extent necessary to give effect to the provisions of this Clause.

(Rec. Doc. No. 63,32). In light of the FAA and case law in this jurisdiction, the Court finds that the Third-Party Complaint in this matter should be stayed pending arbitration.

STX argues that the third-party claim against Tactwell should not be stayed because of the risk of inconsistent results and the "hindrance of the efficient administration of justice." (Rec. Doc. No. 68,10). The Fifth Circuit considered this argument in *The Rice Company (Suisse), S.A. v. Precious Flowers Ltd.*, 523 F.3d 528, 540 (5th Cir. 2008), and came to the following conclusion:

> We have anticipated that arbitration of a portion of a dispute will lead to duplicated efforts and inefficiency if the dispute, once arbitrated, must then be resolved in court with nonsignatory parties. But we have held

>     that any inconvenience or duplication of
>     effort is a consequence of having agreed to
>     arbitrate. Specifically, duplication of
>     effort, redundant testimony, and the
>     possibility of inconsistent findings ... are
>     the risks that parties to an arbitration
>     clause must be considered to have contemplated
>     at the time they struck their bargain. The
>     relevant federal law requires piecemeal
>     resolution when necessary to give effect to an
>     arbitration agreement. This is so
>     notwithstanding the presence of other persons
>     who are parties to the underlying dispute but
>     not to the arbitration agreement, meaning that
>     parties subject to arbitration will have to
>     re-litigate issues with non-parties. *Id.*

COSCO is not a signatory to the time charter, and COGSA status as a "carrier" does not directly influence whether COSCO is bound by the contract between Tactwell and STX. (Rec. Doc. No. 63,9). However, the Court finds that resolution of the claims in arbitration may help resolve the same claims in federal court. Since courts are given wide discretion on whether to stay a pending matter, the Court finds it proper to stay the Third-Party Complaint against Tactwell and COSCO pending the arbitration in London. *See In re Ramu Corp.,* 903 F.2d 312, 318 (5th Cir. 1990).

### ***CONCLUSION***

For the aforementioned reasons, **IT IS ORDERED** that the summary judgment motion be **DENIED** in part and **GRANTED** in part. Said motion should be denied with respect to dismissal of STX's Rule 14(c) tender of COSCO, granted with respect to dismissal of STX's Rule 14(c) tender of Tactwell, and granted with respect to a stay of the

Third-Party Complaint, pending arbitration.

New Orleans, Louisiana, this 30th day of March, 2009.

                                      IVAN L.R. LEMELLE
                            UNITED STATES DISTRICT JUDGE